**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Susanne Jane Giusa, | No. CV-19-02464-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Plaintiff Susanne Jane Giusa's Application for Disability Insurance Benefits by the Social Security Administration under the Social Security Act. Plaintiff filed a Complaint (Doc. 1) seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 11, Pl. Br.), Defendant Social Security Administration Commissioner's Opposition (Doc. 12, Def. Br.), and Plaintiff's Reply (Doc. 14, Reply). The Court has reviewed the briefs and the Administrative Record (Doc. 9, R.) and now reverses the Administrative Law Judge's (ALJ) decision (R. at 14–31).

## I.    BACKGROUND

Plaintiff filed her Application for Disability Insurance Benefits on August 25, 2015, alleging a period of disability beginning on March 13, 2015. (R. at 17.) Plaintiff's claim was denied initially on November 10, 2015, and upon reconsideration on March 31, 2016. (R. at 17.) Plaintiff then testified at a hearing held before the ALJ on January 9, 2018. (R. at 17.) On May 25, 2018, the ALJ denied Plaintiff's Application. (R. at 14–31.) This

decision became final on February 16, 2019, when the Appeals Council denied Plaintiff's request for review. (R. at 1–7.)

The Court has reviewed the medical evidence in its entirety and finds it unnecessary to provide a complete summary here. The pertinent medical evidence will be discussed in addressing the issues raised by the parties. In short, upon considering the medical records and opinions, the ALJ evaluated Plaintiff's disability based on the following severe impairments: migraine headaches, fibromyalgia, and degenerative disc disease of the cervical and lumbar spine. (R. at 19.)

Ultimately, the ALJ concluded that Plaintiff is not disabled. (R. at 25.) The ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (R. at 21.) The ALJ also determined that Plaintiff has the residual functional capacity (RFC) to perform a range of light work as defined in 20 C.F.R. § 404.1567(b) with the following limitations: (1) avoiding concentrated exposure to temperature extremes, loud noise environments, pulmonary irritants, and hazards, including unprotected heights and moving machinery; and (2) not performing driving duty jobs. (R. at 22.) After determining Plaintiff's RFC, the ALJ concluded that Plaintiff can perform her past relevant work as an administrative assistant, receptionist, and unit clerk. (R. at 25.)

## II.    LEGAL STANDARD

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable person might accept as adequate to support a conclusion when considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the court must

consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Social Security Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At step one, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled and the inquiry ends. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.*

## III. ANALYSIS

Plaintiff raises two issues for the Court's consideration: (1) the ALJ erred by rejecting her symptom testimony; and (2) the ALJ erred by rejecting the opinion of her treating physician, Dr. Troy Anderson. The Court finds that the ALJ errantly rejected Plaintiff's symptom testimony and Dr. Anderson's opinion.

## A.    The ALJ erred by rejecting Plaintiff's symptom testimony.

Plaintiff produced multiple forms of evidence, including medical records, function reports, and hearing testimony, attesting to the severity and persistence of her pain and limitations. Plaintiff reported that she suffers from headaches and migraines at least 20 days per month that last anywhere from six hours to three days at a time. (R. at 262.) She testified that her migraines cause nausea, fatigue, blurred vision, and pain. (R. at 66.) She reported that she is unable to leave home, use a computer or phone, or drive when she is suffering from a migraine. (R. at 222.) She reported sensitivity to noise, bright lights, and temperatures. (R. at 67, 222.) She also reported that her migraines cause difficulty with walking, climbing stairs, seeing, remembering, completing tasks, concentrating, forming thoughts, making sound decisions, and following instructions. (R. at 66, 222, 227.)

The ALJ rejected Plaintiff's testimony for three reasons. First, the ALJ found that Plaintiff has learned to function despite her migraines because she has suffered from them her entire life and still worked full-time since 1997. (R. at 24.) Second, the ALJ found that Plaintiff's migraines improved with treatment "such that she remains independent, active, and reasonably able to perform work activities." (R. at 24.) Third, the ALJ found that Plaintiff's headaches were not substantiated by objective medical evidence. (R. at 24.) The Court finds that none of these reasons are sufficient.

While credibility is the province of the ALJ, an adverse credibility determination requires the ALJ to provide "specific, clear and convincing reasons for rejecting the claimant's testimony regarding the severity of the claimant's symptoms." *Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1102 (9th Cir. 2014) (*citing Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). This is the most demanding standard in Social Security cases. *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014). The ALJ may properly consider that the claimant's medical record does not contain evidence to support certain symptom testimony, but that cannot form the sole basis for discounting the testimony. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). The ALJ may also properly consider inconsistencies in the claimant's daily activities, treatment, and symptoms. *Id.*

The ALJ's first reason for discrediting Plaintiff's testimony—that she has learned to function despite her migraines—is neither clear and convincing nor supported by substantial evidence. To support the ALJ's reasoning, the ALJ relied on Plaintiff's work history, noting that she has consistently worked full-time in various semi-skilled jobs since 1997 despite suffering from migraines her entire life. (R. at 23–24.) From this, the ALJ concluded that Plaintiff "has learned to cope, adapt, and otherwise function in spite of her chronic intractable migraine headaches." (R. at 24.) However, this falls short of the exacting *specific*, clear, and convincing standard. *See Treichler*, 775 F.3d at 1102 (emphasis added). The ALJ did not point to evidence of coping mechanisms or determine whether Plaintiff could adapt and continue working if her impairments worsened, as she claims happened. (R. at 47–49.) Notably, that Plaintiff tried working and failed due to her impairments supports her testimony. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1038 (9th Cir. 2007).

Plaintiff testified that her migraines increased in frequency so much so that by 2015 she had to stop working because her employer would no longer accommodate her requests for medical leave. (R. at 47–49.) However, the ALJ found this part of Plaintiff's testimony unbelievable because medical records showed that from 2009 to 2015 Plaintiff's memory deficit only mildly advanced, her sustained attention improved, and her intellectual functioning was unchanged. (R. at 24.) The Court is not persuaded by the ALJ's rationale. The ALJ relied solely on objective evidence, or a lack thereof, to discredit Plaintiff's testimony that her migraines worsened to the point where she could no longer work. However, the regulations prevent the ALJ from discounting a claimant's subjective reports solely because of a lack of corroborating medical evidence. *See Burch*, 400 F.3d at 680. "The rationale for this restriction is that pain testimony may establish greater limitations than can medical evidence alone." *Id.* In this case, that rationale is reflected in an opinion by Plaintiff's treating physician, Dr. Troy Anderson, that it is not uncommon for individuals with migraines to have unremarkable objective test results. (R. at 448.)

To discredit Plaintiff's reports that her migraines worsened, the ALJ needed to

identify some other evidence in the record that was probative of her ability to work. For example, the ALJ could have considered whether Plaintiff was engaged in daily activities that could be transferred to a work setting. *See Burch*, 400 F.3d at 681. Alternatively, the ALJ could have pointed to evidence that showed Plaintiff's allegations regarding the severity of her limitations were exaggerated. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 693 (9th Cir. 2009). Instead, the ALJ relied solely on a lack of corroborating medical evidence, which was error.

The ALJ's second reason for rejecting Plaintiff's testimony—that her symptoms improved with treatment—is not specific, clear, and convincing or supported by substantial evidence. The ALJ may consider that a claimant's symptoms improved in response to treatment, but it is error to rely on temporary or isolated instances of improvement as evidence that the claimant is capable of sustaining work. *Garrison*, 759 F.3d at 1018. Here, the ALJ identified the many forms of treatment that Plaintiff pursued and concluded that they were "relatively successful in reducing the frequency and severity of [Plaintiff's] chronic migraines such that she remains independent, active, and reasonably able to perform work activities." (R. at 24.) The Court finds two errors in this rationale.

First, the ALJ's conclusion that Plaintiff's symptoms improved with treatment is belied by the record. Specifically, many of the records the ALJ cited actually contradict the ALJ's conclusion that Plaintiff improved in response to treatment. For example, Dr. Donald Fruchtman noted that Plaintiff has tried nerve blocks, Botox injections, and drug therapy without success. (R. at 391.) In June 2015, Dr. Troy Anderson observed that Plaintiff's "memory appears to be worse." (R. at 403.) Also in June 2015, Dr. Albert Klaski noted that Plaintiff did not wish to pursue Botox injections because it caused severe neck discomfort. (R. at 405.) Finally, records from Pinnacle Internal Medicine indicate that Plaintiff did not experience relief from migraine medications like Nortriptyline, Topamax, Zonegran, or Propranolol. (R. at 435.) In sum, the record does not support the ALJ's finding that Plaintiff's symptoms improved with treatment.

Second, the ALJ's conclusion that Plaintiff "remains independent, active, and reasonably able to perform work activities" is not adequately explained or supported by substantial evidence. Plaintiff argues that the ALJ did not connect the discussion of Plaintiff's "improvement" to the finding that she can sustain work (Pl. Br. at 15). The Court agrees. The ALJ must point to specific evidence in the record and explain how it undermines Plaintiff's alleged limitations. *Burrell v. Colvin*, 775 F.3d 1133, 1137 (9th Cir. 2009). This includes treatment records or daily activities that the ALJ finds to be inconsistent with Plaintiff's testimony. *See Burch*, 400 F.3d at 681. The ALJ did not do this and therefore erred.

The ALJ's final reason for rejecting Plaintiff's testimony—that objective medical evidence did not support Plaintiff's alleged limitations—is insufficient. Because the ALJ's first two reasons for rejecting Plaintiff's testimony did not meet the specific, clear, and convincing standard, a mere lack of objective support, without more, was insufficient to reject Plaintiff's testimony. *See Burch*, 400 F.3d at 680–81.

In sum, the Court finds that the ALJ's reasons for rejecting Plaintiff's symptom testimony were not specific, clear, and convincing or supported by substantial evidence, and it was therefore error.

**B.    The ALJ erred by rejecting the opinion of Plaintiff's treating physician.**

The final issue is whether the ALJ errantly rejected the opinion of her treating physician, Dr. Troy Anderson. In March 2016, Dr. Anderson opined that Plaintiff suffers from migraines seven or eight times per week that can last up to an entire day. (R. at 447–48.) He opined that it is common for patients with migraines to have normal or unremarkable MRIs and physical examinations. (R. at 448.) He noted that Plaintiff's migraines are at a level of severity that she cannot function normally and that she would have issues with mental stamina, attention, concentration, focus, punctuality, customer service, problem solving, teamwork, and team chemistry. (R. at 448.)

The ALJ rejected Dr. Anderson's opinion for the same reasons he rejected Plaintiff's testimony: (1) she learned to remove or avoid triggers that cause her migraines; and (2) she

responded well to treatment such that she can "persevere through the migraines headaches and lead a productive and relatively active life." (R. at 24.) Instead, the ALJ gave great weight to the opinion of Dr. Donald Fruchtman, the consultative examiner. (R. at 23.)

An ALJ may reject the contradicted opinions of treating or examining sources by providing specific and legitimate reasons that are supported by substantial evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). An ALJ satisfies the substantial evidence requirement by providing a "detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison*, 759 F.3d at 1012 (quotations and citations omitted).

The Court finds that the ALJ's rationale for rejecting Dr. Anderson's opinion was not specific and legitimate or supported by substantial evidence. The ALJ's analysis of the opinion evidence was brief and based entirely on the analysis of Plaintiff's testimony. (R. at 24.) Moreover, the ALJ failed to explain how the evidence undermined Dr. Anderson's opinion. The Court finds that this was insufficient because the ALJ did not adequately evaluate the medical evidence in a "detailed and thorough fashion" as is required by the regulations. *See Maganalles v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

The ALJ erred by rejecting Dr. Anderson's opinion because the ALJ failed to provide specific and legitimate reasons supported by substantial evidence.

**C.    The proper remedy is to remand for payment of benefits.**

Plaintiff asks the Court to remand her case for payment of benefits. (Pl. Br. at 24.) The credit-as-true rule applies if three elements are present. *Garrison*, 759 F.3d at 1020. First, the record must be fully developed such that further administrative proceedings would not be useful. *Id.* Second, the ALJ must have failed to provide legally sufficient reasons for rejecting evidence. *Id.* Third, "if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Id.* Even if all elements of the credit-as-true rule are met, the Court maintains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to

whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.*

Here, the proper remedy is to remand Plaintiff's case for payment of benefits. All three elements of the credit-as-true rule are met. First, the record is fully developed and the Court finds that further administrative proceedings would serve no useful purpose. Next, the ALJ errantly rejected Plaintiff's symptom testimony and Dr. Anderson's opinion. If that evidence were credited as true, the ALJ would be required to find Plaintiff disabled. The vocational expert at Plaintiff's hearing testified that Plaintiff would be unable to sustain work in the national economy if she was absent five or six days per month. (R. at 77.) Plaintiff reported that she suffers from migraines at least 20 days per month for six hours to three days at a time (R. at 262), and Dr. Anderson testified that Plaintiff has seven to eight migraines per week that can last all day (R. at 447–48).

Finally, the record does not create serious doubt that Plaintiff is, in fact, disabled. Although the record does not confirm beyond all doubt that Plaintiff's migraines prevent her from working, it does not create serious doubt that she is disabled. *See Garrison*, 759 F.3d at 1023.

Therefore, the proper remedy is to remand Plaintiff's case for computation and payment of benefits.

**IT IS THEREFORE ORDERED** reversing the January 9, 2018 decision of the Administrative Law Judge. (R. at 14–31.)

**IT IS FURTHER ORDERED** remanding this case to the Social Security Administration for a calculation of benefits.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter final judgment consistent with this Order and close the case.

Dated this 6th day of April, 2020.

*Michael T. Liburdi*

Michael T. Liburdi
United States District Judge