**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Susanne Jane Giusa,<br><br>    Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>    Defendant. | No. CV-19-02464-PHX-MTL<br><br>**ORDER** |

Before the Court are Plaintiff's Motion for Award of Attorney Fees (Doc. 24) and Memorandum in Support (Doc. 25). Plaintiff's counsel, Mark Caldwell, seeks $16,979.38 in attorney's fees for representing Plaintiff on a contingent-fee basis pursuant to 42 U.S.C. § 406(b). (Doc. 24 at 1.) The Commissioner did not file a response. The deadline to do so has passed.

I.

Attorneys who successfully represent Social Security benefits claimants can recover fees under § 406(b) of the Social Security Act. 42 U.S.C. § 406(b)(1)(A). Section 406(b) provides that when "a court renders a judgment favorable to a claimant . . . who was represented . . . by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits." *Id.* The fee is paid "out of, and not in addition to, the amount of [the] past-due benefits." *Id.* The Act's 25% statutory cap on the fee does not preclude attorneys and claimants from entering into contingent-fee agreements. *Gisbrecht v. Barnhart*, 535 U.S.

789, 807 (2002). "Courts [must] approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness." *Id.* at 808. District courts may properly reduce the amount requested under a contingent-fee agreement for "substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (en banc). The burden rests on the attorney to "show that the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 807. If a claimant's attorney receives fees under both the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, and § 406(b) of the Social Security Act, the attorney must "refund to the claimant the amount of the smaller fee." *Id.* at 796 (citation and alteration omitted).

II.

Having reviewed Plaintiff's contingent-fee agreement with Mr. Caldwell, the Court finds the attorney's fees requested under § 406(b) to be reasonable. Plaintiff contracted to pay 25% of past-due benefits on a contingent-fee basis. (Doc. 25–2 at 2.) Mr. Caldwell requests $16,979.38, the amount withheld from Plaintiff's past-due benefits,[*] in attorney's fees. (Doc. 25–1 at 5.) His itemization of services indicates 24.2 hours of services rendered, equaling an hourly fee of $701.63. (Doc. 25–3.) Mr. Caldwell successfully convinced the Court to remand Plaintiff's case to the Social Security Administration, and, after further proceedings, the Commissioner found Plaintiff disabled and eligible for benefits. (Doc. 25 at 2.) There is no indication of substandard performance or undue delay by Mr. Caldwell in prosecuting Plaintiff's case. *Crawford*, 586 F.3d at 1151. There is also no indication of "fraud or overreaching in the making of the 25% contingent-fee agreement[ ]." *Id.* Mr. Caldwell's requested hourly rate is within the range of fees that have been approved by the Ninth Circuit. *See id.* at 1153 (approving fees equaling $519, $875, and $902 per hour). The Court therefore concludes that an award of fees of $16,979.38 is reasonable. The Court will grant Mr. Caldwell's Motion for Award of Attorney Fees (Doc. 24) and

---

[*] The total amount withheld from Plaintiff's past-due benefits is $22,979.38. (Doc. 25–1 at 5.) The Social Security Administration paid $6,000 of that total to Plaintiff's counsel before the agency pursuant to 42 U.S.C. § 406(a). (*Id.*)

award $16,979.38 in fees, which shall be payable to Mr. Caldwell. Because Plaintiff was also awarded EAJA fees, (Doc. 22), Mr. Caldwell must refund the lesser of the two fee awards to Plaintiff. *See Gisbrecht*, 535 U.S. at 796.

III.

Accordingly,

**IT IS ORDERED granting** the Motion for Award of Attorney Fees (Doc. 24) in the amount of $16,979.38.

**IT IS FURTHER ORDERED** that Plaintiff's counsel must refund the lesser of the EAJA fee award and the § 406(b) fee award to Plaintiff.

Dated this 9th day of April, 2021.

Michael T. Liburdi
United States District Judge